**UNITED STATES COURT OF APPEALS
FIFTH CIRCUIT**

_____

No. 98-60435

(Summary Calendar)

_____

LIONEL R. VERRET,

Plaintiff-Appellant,

versus

JACKSON COUNTY CIVIC ACTION COMMITTEE, INC.;
BOARD OF DIRECTORS of the Jackson County Civic Action
Committee; DOROTHY BURNEY, Chairman, Board of Directors,
Jackson County Civic Action Committee; DIANN PAYNE, Acting
Executive Director, Jackson County Civic Action Committee; and
MARIE PATRICK, Programs Director, Jackson County Civic Action
Committee,

Defendants-Appellees.

_____

Appeal from the United States District Court
For the Southern District of Mississippi
(1:98-CV-70-BrR)
February 12, 1999

Before EMILIO M. GARZA, DeMOSS, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Lionel Verret sued the Jackson County Civic Action Committee, its Board of Directors, and

employees Dorothy Burney, Diann Payne, and Marie Patrick (collectively, "JCCAC"), alleging that

JCCAC terminated him on the basis of race and sex in violation of Title VII and Section 1981. The

district court granted summary judgment in favor of JCCAC, finding that Verret failed to meet the

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

limitations period because Verret failed to file a complaint within ninety days of receiving the Equal Employment Opportunity Commission's ("EEOC") right-to-sue letter. *See* 42 U.S.C. § 2000e-5(f)(1)(ninety-day limitations period). Verret appeals the ruling, arguing the limitations period should be equitably tolled. We affirm the district court.

Verret filed his complaint one-hundred-and-four days after receiving the notice of his right to sue.[1] He argues that the limitations period should be equitably tolled because the law firm he consulted did not inform him until immediately prior to the expiration of the limitations period that it refused to take his case. Verret filed his complaint *pro se* shortly after a period of research.

We review a grant of summary judgment *de novo*. *See Duplantis v. Shell Offshore, Inc.*, 948 F.2d 187, 189 (5th Cir. 1991). The ninety-day limitations period is not a jurisdictional prerequisite and may be equitably tolled. *See Espinoza v. Missouri Pac. R.R. Co.,* 754 F.2d 1247, 1250 (1985). In *Baldwin County Welcome Ctr. v. Brown,* 466 U.S. 147, 104 S. Ct. 1723, 80 L. Ed. 2d 196 (1984), the Supreme Court indicated that a court may equitably toll the limitations period if the claimant received inadequate notice, if a motion for appointment of counsel is pending and equity would justify tolling the statutory period, if a court has led the plaintiff to believe he has done everything required of him, or if affirmative misconduct on the part of the defendant lulled the plaintiff into inaction. *See id.* at 151, 104 S. Ct. at 1725-26. Verret cannot justify tolling the limitations period based on any of these circumstances, however, the Court did not indicate that equitable tolling is only appropriate in these situations.

We conclude that we will not equitably toll the limitations period. Verret admits that he waited thirty-one days before presenting his right-to-sue letter to a law firm for action. He explains that he took his case to one firm, which told him that they would look at the information to decide whether to take the case, and that he never sought help elsewhere, even when the deadline

---

[1] There is no factual dispute in this case because the district court calculated the limitations period from the date that, by Verret's admission, he received the EEOC's letter. Verret does not dispute that his claim was not filed within ninety days. He claims, rather, that the court should have invoked its equitable power to toll the limitations period.

approached.  Verret admits further that he knew, based in part from initial conversations with the attorneys, that his complaint had to be filed within ninety days of receipt of the letter.  As the deadline approached without word from the firm regarding its decision about his case, Verret could have retained a different attorney or moved the court for appointment of counsel.  Thus, it would be inaccurate to characterize the expiration of the limitations period, due to the attorney's failure to accept the case or to file the complaint, as an event over which Verret had no control.  The lack of a circumstance beyond Verret's control distinguishes this case from other cases in which courts have equitably tolled the limitations period.  *See Suarez v. Little Havana Activities,* 721 F.2d 338, 340 (11th Cir. 1983)(per curiam)(citing mistakes of clerk's office or postal service as justifications to toll limitations period); *Carlile v. South Routt Sch. Dist. Re 3-J,* 652 F.2d 981, 986 (10th Cir. 1981)(tolling period due to plaintiff's reliance on statements by the court).  Therefore, we AFFIRM the ruling of the district court.